**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JEFFERY BROWN**                                                         **PLAINTIFF**

V.                  **CASE NO.: 3:07CV00083-SWW/BD**

**CRITTENDEN COUNTY SHERIFF'S**
**DEPARTMENT, et al.**                                          **DEFENDANTS**

**ORDER**

Defendants removed this 42 U.S.C. § 1983 pro se action from the Circuit Court of Crittenden County, Arkansas, to this Court on June 21, 2007 (docket entry #1). Plaintiff was granted leave to proceed *in forma pauperis* on July 25, 2007 (#14).

Service of the Amended Complaint upon Defendant Sabrina Carter was first ordered on August 8, 2007, through the Crittenden County Sheriff's Department (#21). This defendant is no longer an employee of Crittenden County, Arkansas, and service was re-directed to her last-known residential address ( #87). However, summons has been returned unexecuted (#95).

It is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide the Court and the U.S. Marshal Service with proper service addresses for the defendants. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). Thus, the Court will grant Plaintiff up to and including April 18, 2008, to: (1) use the discovery process pursuant to the Federal Rules of Civil Procedure, or otherwise ascertain a valid service address for Defendant Carter; and (2) file a "Motion for Service"

requesting that service be attempted upon her at that address. Plaintiff is advised that failure to timely and properly comply with this Order will result in Defendant Carter's dismissal from the lawsuit, without prejudice. See Fed. R. Civ. P. 4(m) (providing that a Court may *sua sponte* dismiss a defendant if he or she is not served within 120 days of the filing of the complaint).

IT IS SO ORDERED this 4th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE